UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Christopher L. Dunbar,
    Plaintiff(s)

v.

WG Services, Inc.,
    Defendant(s)

Case No: 8:26-cv-669

**COMPLAINT**

Plaintiff, Christopher L. Dunbar, sues Defendant, WG Services, Inc., as follows:

PROCEDURAL STATEMENT

This case is in a unique procedural posture. The Plaintiff alleges that his former employer engaged in age discrimination and related retaliation, ultimately resulting in termination of his employment. "The [Age Discrimination in Employment Act] requires that an individual exhaust available administrative remedies by filing a charge of unlawful

1

discrimination with the EEOC before filing a lawsuit." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004).

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), but the charge, which was drafted by the EEOC, not the Plaintiff, alleged only "retaliation," and failed to specifically mention age discrimination. The EEOC issued a Determination and Notice of Rights (commonly called a "Right to Sue" letter) on December 15, 2026. The Right to Sue gives Plaintiff 90 days from the date of receipt to file a lawsuit, which deadline will shortly expire.

Without admission, Plaintiff notes that there is a potential argument in this case as to whether was sufficient to put the Defendant on notice of the allegations of this lawsuit. However, the Plaintiff is still within the deadline to file a new, more carefully drafted charge with the EEOC that more clearly sets forth his allegations to remove any doubt as to whether his charge was properly raised with the EEOC. However, if he were to wait to file suit until after the new charge is processed, and it turns out the original EEOC charge was sufficient, he could (arguably) lose his right to seek relief.

Therefore, the intent of this pleading at this time is to preserve Plaintiff's rights to file whatever claims were properly within the scope of the original EEOC charge. Plaintiff intends to seek a stay of this action while to enable the EEOC to process a new EEOC charge. He intends to amend this Complaint and move this action forward upon exhaustion of his administrative remedies under that charge.

## PARTIES

1. Plaintiff is an individual resident of Largo, Pinellas County, Florida.

2. Plaintiff was over 40 years old at the time of the events described in this Complaint.

3. Defendant, WG Services, Inc., is a Delaware corporation with its principal place of business in Terrytown, Westchester County, New York.

4. Defendant is the United States operating company of Westcon-Comstor, a global technology distributor specializing in cybersecurity, networking, and hybrid cloud solutions.

## JURISDICTION & VENUE

5. Jurisdiction over the federal claims at issue is conferred on this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

6. Jurisdiction over the state law claims at issue is conferred on this Court pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction). The state law claims at issue are so related to the federal claims that they form part of the same case or controversy.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Pinellas County, Florida, where Plaintiff resides and was employed.

8. This Court has personal jurisdiction over the Defendant because the Defendant is subject to personal jurisdiction in the State of Florida, at least with respect to claims arising out of Defendant's employment of Plaintiff, pursuant to Fla. Stat. § 48.193(1), (2), and (6), without limitation. Defendant employed Defendant to work in Florida, violated his rights in Florida, and caused injury to him in Florida as further described in this Complaint.

FACTS

9. Defendant hired Plaintiff as a Global Vendor Management Director in January, 2024. He worked remotely from his home in Florida.

10. Throughout the course of his employment, Plaintiff's immediate superior, "Patty" (presumably Patricia) Dunbar, subjected him to adverse treatment on the basis of his age. It became clear that Plaintiff was hired to provide the benefit of his knowledge and connections, but did not intend to allow Plaintiff perform to his potential because his age did not fit with Ms. Dunbar's vision of a younger workforce.

11. For example, without limitation:

    a. Ms. Dunbar asked Plaintiff about his age in his interview and discussed it with him;

    b. Ms. Dunbar made frequent reference to the euphemism "out with the old and in with the new" in reference to changes being made at the company;

    c. Ms. Dunbar often referred to Plaintiff as "old school," often saying things like "let's get the old school opinion" when asking Plaintiff to weigh in at meetings;

5

    d. Ms. Dunbar implemented a dress code for conferences/trade shows that explicitly required that employees try to make themselves look "young" and falsely equated looking young to having "energy" and being able to "handle things."

    e. In about March or April of 2025, Ms. Dunbar prohibited Plaintiff from attending a conference that it was within his duties to attend, telling him, "let the young kids go," in reference to co-workers with similar duties who were significantly younger than Plaintiff.

    f. Ms. Dunbar pulled Plaintiff off of an important account that he had handled very successfully to assign it to a younger worker.

12. In May, 2025, Ms. Dunbar completed a negative performance review of Plaintiff that was materially false and fraudulent.

13. Plaintiff complained to human resources about the false performance review, noting its errors and specifically invoking age

discrimination, saying "Patty set up the team to be a young crowd, and I don't fit the mold anymore."

14.    Defendant failed to correct the review or address Plaintiff's concerns about not fitting Ms. Dunbar's mold for a young team.

15.    Shortly thereafter, on June 13, 2025, Defendant fired Plaintiff.

16.    Plaintiff has been damaged by Defendant's actions.

17.    Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## ADMINISTRATIVE EXHAUSTION

18.    Plaintiff filed a charge with the EEOC concerning these allegations, Charge No. 511-2025-04458.

19.    Alternatively, if the Court determines that the scope of EEOC charge 511-2025-04458 is insufficient to encompass the allegations of this Complaint, Plaintiff intends to file a new EEOC charge and amend this Complaint to reflect the new charge.

20. Plaintiff's charge was deemed dual-filed with the Florida Commission on Human Relations (FCHR) pursuant to a work-sharing agreement between the EEOC and the FCHR.

21. Plaintiff's charge was timely filed within 300 days of receiving notice of his termination.

22. Plaintiff received the Determination and Notice of Rights attached hereto as Exhibit A.

23. Plaintiff is timely filing this suit within 90 days of his receipt of the Determination and Notice of Rights.

24. All conditions precedent to bringing this action have occurred.

### Count 1 – ADEA Discrimination

25. This is a cause of action for discrimination in violation of the Age Discrimination in Employment Act (ADEA).

26. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, above.

27. Defendant terminated Plaintiff because of his age in violation of the ADEA.

28. Defendant acted willfully.

## COUNT 2 – ADEA RETALIATION

29. This is a cause of action for discrimination in violation of the Age Discrimination in Employment Act (ADEA).

30. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, above.

31. Defendant terminated Plaintiff because of his complaint to human resources about his supervisor's age discrimination in violation of the ADEA.

32. Defendant acted willfully.

## COUNT 2 – FCRA DISCRIMINATION

33. This is a cause of action for discrimination in violation of the Florida Civil Rights Act (FCRA).

34. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, above.

35. Defendant terminated Plaintiff because of his age in violation of the FCRA.

36. Defendant acted willfully, with malice and ill-will, in reckless disregard of the Plaintiff's rights.

### COUNT 4 – FCRA RETALIATION

37. This is a cause of action for discrimination in violation of the Florida Civil Rights Act (FCRA).

38. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, above.

39. Defendant terminated Plaintiff because of his complaint to human resources about his supervisor's age discrimination in violation of the FCRA.

40. Defendant acted willfully, with malice and ill-will, in reckless disregard of the Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant for, without limitation:

    a. Lost wages, including front pay and lost benefits;

    b. Reinstatement or, in the alternative, back pay and lost benefits;

      c. Liquidated damages under the ADEA;

      d. Emotional distress damages under the FCRA;

      e. Punitive damages under the FCRA

      f. Attorneys' fees and costs; and

      g. Such other relief as the Court may deem appropriate or to which he may be entitled.

## Jury Trial Demand

Plaintiff demands a trial by jury.

## Designation of Lead Counsel

The undersigned is designated as Lead Counsel for Plaintiff pursuant to Local Rule 2.02(a).

Respectfully submitted 3/13/2026.

                              /s/ J. Kemp Brinson
                              J. Kemp Brinson
                              Fla. Bar No. 752541
                              REED MAWHINNEY & LINK
                              53 Lake Morton Drive, Suite 100
                              Lakeland, FL 33801
                              Office: 863-687-1771
                              Mobile: 863-288-0234

Service emails:
Kemp@PolkLawyer.com
JKBService@PolkLawyer.com
Counsel for Plaintiff